UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-23069-CIV-ALTONAGA/Brown

VALTER MACHADO,

       Plaintiff,

vs.

DA VITTORIO, LLC,

       Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff, Valter Machado's ("Machado['s]") Motion

for Fees ("Motion") [ECF No. 68] filed June 9, 2010.  On June 24, 2010, Defendant, Da Vittorio,

LLC ("Da Vittorio"), filed its Response [ECF No. 70] in opposition to Machado's Motion, and on

July 13, 2010, Machado filed his Reply [ECF No. 71].  The Motion is now ripe for review.  The

Court has carefully considered the parties' written submissions, the file, and applicable law.

## I.  BACKGROUND

The matter now before the Court arises from a complaint Machado filed against Da Vittorio

in the Eleventh Judicial Circuit of Florida which was subsequently removed.  (*See* Notice of

Removal [ECF. No. 1]).  The Complaint alleged minimum wage and overtime violations pursuant

to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–209.  (*See id.*, Ex. A).  After denial of

Machado's Motion for Summary Judgment [ECF No. 48], which sought an award of $14,793.08,

Machado accepted an Offer of Judgment from Da Vittorio in the amount of $2,450.00.  (*See* Notice

of Acceptance, Ex. 1 ¶ 4 [ECF No. 63]).

On May 18, 2010, Machado filed the present Motion requesting fees in the amount of

$16,695.00.  (*See* Mot. 7).  In its Response, Da Vittorio contends the award should be reduced to $5,042.50 to be repaid over ten months without interest, citing several reasons for the reduction, each of which is addressed below.

## II.  ANALYSIS

### A.    Framework for the Award of Fees

Both parties agree a plaintiff who prevails on his FLSA claims is entitled to "reasonable attorney's fees."  *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").  Da Vittorio concedes Machado is a prevailing plaintiff under the FLSA and is entitled to an award of reasonable attorney's fees.  (*See* Resp. 1).

The framework for the award of attorney's fees to prevailing plaintiffs is articulated in *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), and *Hensley v. Eckerhart*, 461 U.S. 424 (1983).  The analysis of any fee award begins with the determination of the "lodestar."  "[T]he lodestar figure – the product of reasonable hours times a reasonable rate – represents a 'reasonable' fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (finding the lodestar figure enjoys a strong presumption of reasonableness). Lodestar has "become the guiding light of our fee-shifting jurisprudence."  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).  The burden of establishing the fee request is reasonable rests with the fee applicant, who supplies the court with "specific and detailed evidence" in an organized

Case No. 09-23069-CIV-ALTONAGA/Brown

fashion. *Norman*, 836 F.2d at 1303. Where the documentation is inadequate, the court may reduce the award accordingly. *See id.*; *Hensley*, 461 U.S. at 433.

The court is an expert on the reasonableness of attorney's fees, and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940). When awarding fees, the court must allow meaningful review of its decision by "articulat[ing] the decisions it made, giv[ing] principled reasons for those decisions, and show[ing] its calculation." *Norman*, 836 F.2d at 1304.

Prevailing FLSA plaintiffs are entitled to only those awards of attorney's fees that are reasonable. *See Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009). Courts have broad discretion to determine what fees are reasonable under the circumstances. *See Martinec v. Party Line Cruise Co.*, 350 F. App'x 406, 407 (11th Cir. 2009) ("'The determination of a reasonable fee pursuant to § 216(b) of the [FLSA] is left to the sound discretion of the trial court . . . .'") (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985) (alterations in original)). Attorney's fees arising from "hours that are excessive, redundant, or otherwise unnecessary" should be excluded from an award of attorney's fees, either by the applicant or the court. *Hensley*, 461 U.S. at 434; *see ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Also, the court should exclude "time spent on discrete and unsuccessful claims." *Norman*, 836 F.2d at 1302.

For purposes of calculating the lodestar, Da Vittorio concedes Machado's counsel's hourly rate of $350 per hour is reasonable, so this is not an issue. *Cf. Loranger v. Stierheim*, 10 F.3d 776,

Case No. 09-23069-CIV-ALTONAGA/Brown

781 (11th Cir. 1994) (explaining the plaintiff has the burden of establishing the hourly rate requested is a reasonable one). But finding the product of reasonable hours times a reasonable rate does not end the inquiry. *See Hensley*, 461 U.S. at 434. Other considerations may lead a court to adjust the fee, such as the results obtained, *see id.*, and whether the fee applicant's conduct was reasonable, *see, e.g.*, *Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1286 (S.D. Fla. 2008).

Da Vittorio contests the reasonableness of the requested award of $16,695.00, challenging it on the related grounds that the hours claimed are not reasonable, the billing method used was not reasonable, and a reduction should be made to any award to reflect Machado's relative lack of success, in particular, as associated with the failed Motion for Summary Judgment. Furthermore, Da Vittorio asserts any fee award should take into account the precarious financial position of Da Vittorio. Da Vittorio's discrete arguments are addressed below.[1]

**B.      Fees Associated with Clerical Work, Excessive and Compound Entries, and Machado's Motion for Summary Judgment**

1.      *Fees Attributed to Clerical Work*

Da Vittorio asserts 5.8 hours of time in Machado's counsel's time sheets account for tasks that are "at least partially clerical or administrative" in nature. (Resp. 8). Work performed "which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available" is not compensable at a lawyer's rate solely "because a lawyer does it." *Johnson v. Ga.*

---

[1] If a court finds the number of hours claimed to be unreasonable, it has two choices: "conduct an hour-by-hour analysis or . . . reduce the requested hours with an across-the-board cut." *Bivens v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Here, the Court takes the fees as requested and addresses Da Vittorio's particular challenges to them, thus resulting in an analysis more closely tailored to an hour-by-hour approach.

4

Case No. 09-23069-CIV-ALTONAGA/Brown

*Hwy. Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). "The focus on the inquiry is . . . whether the work is traditionally performed by attorneys." *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1311 (S.D. Fla. 2009). Clerical work, such as the compilation of facts and statistics, coordinating schedules, basic communications, procedural matters, and housekeeping matters, is usually performed by legal assistants, not lawyers. *See id.* at 1310–11.

Machado concedes the time sheets include tasks which could be, and in fully-staffed law firms are, performed by non-lawyers. (*See* Reply 2). The Court has carefully examined the time sheets and has found 1.9 hours where the work performed was purely clerical, and those hours have been excluded from any fee award.[2]

2.    *Block Billing*

Da Vittorio asserts Machado should not receive an award of attorney's fees for the entries on the submitted time sheets that contain multiple tasks within each entry because time-keeping in this manner prevents Da Vittorio from assessing the reasonableness of the time spent on each task. (*See* Resp. 10). Machado does not address this issue either in his initial Motion or his Reply.

Records which "lump together all the tasks performed by an attorney on a given day without breaking out the time spent on each task" at least "makes it difficult, if not impossible," for a court "to calculate with any precision the number of hours an attorney devoted to a particular task." *Barnes*, 168 F.3d at 429. Again, "counsel [seeking fees] bears the burden . . . of supplying the court

---

[2] The purely clerical entries are those for the dates of: 9/23/09, 10/14/09, 11/12/09, 2/04/10, 3/17/10, 3/24/10, 4/01/10, and 5/20/10. (*See* Time Sheet Entries [ECF. No. 68] Ex. 2). As Da Vittorio indicates, there are numerous other entries that include clerical tasks (*see* Resp. 8), but because those entries also include tasks traditionally performed by lawyers, they are not stricken outright.

Case No. 09-23069-CIV-ALTONAGA/Brown

with specific and detailed evidence" so the court can evaluate the reasonableness of the requested fees. *Norman*, 836 F.2d at 1303. Nevertheless, the mere inclusion of two tasks in a single "entry is not, in itself, evidence of block-billing." *Williams*, 657 F. Supp. 2d at 1312. When the tasks are intertwined, "a thorough description of the activities . . . clarifies, rather than obscures, the record." *Id.*

Unlike the party opposing attorney's fees in *Williams*, who did not identify particular entries where block billing prevented an analysis of the reasonableness of time spent on each task, Da Vitorrio has identified entries where block billing has prevented such an analysis. (*See* Resp. 10). The Court has carefully reviewed the billing records and finds some entries do not provide enough information for the Court "to calculate with any precision the number of hours an attorney devoted to a particular task," *Barnes*, 168 F.3d at 429, for a total 20.9 such hours. As the burden is on the party seeking attorney's fees to provide that information, in this case Machado, the Court will reduce the award of attorney's fees from the requested amount in order to reach an equitable result for both parties. *See Powell*, 547 F. Supp. 2d at 1296 ("Plaintiffs have not adequately supported their request for attorneys' fees and a reduction is necessary").

The Court has divided the entries at issue into two categories dependent upon whether some of the tasks included in the entry are clerical in nature. As discussed, no fees can be awarded for the performance of clerical tasks. Therefore, the group of entries that consists of descriptions of multiple tasks, including clerical tasks, will be reduced further than the group consisting solely of multiple compensable tasks.

The first group, those including clerical tasks, consists of 4.4 hours ($1,540) billed between

6

Case No. 09-23069-CIV-ALTONAGA/Brown

October 13, 2009 and March 29, 2010. [3]  These entries include tasks for which attorney's fees could be awarded, however, they also include clerical tasks for which attorney's fees cannot be awarded. (*See, e.g.*, Time Sheet Entry 11/16/09 ("Draft discovery to Def.; fax request for depo. dates.")).  The entries contain tasks that are not sufficiently intertwined so that their combination in one entry clarifies, rather than obscures, the record.  *See Williams*, 657 F. Supp. 2d at 1312.  Therefore, the Court will mitigate the risk of awarding attorney's fees for the performance of clerical tasks by reducing the award for this group of entries by seventy-five percent.  The Court finds a twenty-five percent recovery is justified since it awards Machado's counsel attorney's fees for the compensable tasks he performed, while significantly reducing the risk attorney's fees are awarded for clerical work.  The award for these 4.4 hours should be reduced to $385 ($1,540 - $1,155).

The award for the second group of entries, those with multiple compensable tasks, should not be reduced as much as the first group since there is no risk of awarding fees for clerical tasks. A reduction is justified, however, because the records Machado has provided prevent the Court from accurately evaluating the reasonableness of the requested fees.  *See Norman*, 836 F.2d at 1303. Since the provided records are inadequate "to calculate with any precision the number of hours an attorney devoted to a particular task," *Barnes*, 168 F.3d at 429, but the tasks are all compensable, the most equitable result is to award half of the fees associated with this group of entries.  The Court has carefully reviewed the records and finds this group includes entries for 16.5 hours ($5,775).[4]  The

---

[3]  The full list of relevant entries, is as follows: 10/13/09, 11/16/09, 12/17/09, 1/18/10, 1/20/10, 1/22/10, 2/01/10, 3/22/10, and 3/29/10.  (*See* Time Sheet Entries).

[4]  The full list of relevant entries is as follows: 8/20/09, 10/17/09, 11/13/09, 11/23/09, 12/16/09, 12/24/09, 12/29/09, 1/21/10, 1/22/10, 1/24/10, 1/30/10, 2/27/10, 3/02/10, 3/4/10, 3/11/10, 4/1/10, 4/02/10, 4/03/10, 5/18/10.  (*See* Time Sheet Entries).

Case No. 09-23069-CIV-ALTONAGA/Brown

award of attorney's fees for this group of fees is reduced by fifty percent, for a total award of $2,887.50 ($5,775/2).

3.      *Excessively Billed Entries*

Attorney's fees arising from "hours that are excessive, redundant, or otherwise unnecessary" should be excluded from an award of attorney's fees. *Hensley*, 461 U.S. at 434.  Da Vittorio points to six time entries, representing 2.8 hours ($980), it asserts include hours that are excessive and should be excluded from an award of attorney's fees.  (*See* Resp. 9).  The Court has reviewed the records, and finds three time entries, representing 1.2 hours ($420), to be excessive.  The time entry for November 24, 2009 indicates Machado's counsel spent thirty-six minutes reviewing a two page order.  (*See* Time Sheet Entry 11/24/09).  That amount of time is excessive, and the award for performance of that task should be reduced.  Similarly, the time entry for December 17, 2009 indicates Machado's counsel reviewed a three-sentence order for twelve minutes.  (*See id.* at Entry 12/17/09).  Finally, the time entry for March 1, 2010 indicates Machado's counsel reviewed Da Vittorio's counsel's three-page renewed motion to withdraw for 24 minutes.  (*See id.* at Entry 3/01/10).

All three of these entries are excessive.  Therefore, the award of attorney's fees for these tasks ($420) should be reduced by fifty percent to more accurately represent the amount of time that should have been spent performing those tasks.

4.      *Machado's Deficient Summary Judgment Motion*

On March 19, 2010 Machado filed a Motion for Summary Judgment.  He now seeks attorney's fees in the amount of $1,785 arising from the preparation of that motion.  (*See* Time Sheet

8

Case No. 09-23069-CIV-ALTONAGA/Brown

Entries 3/19/10, 4/01/10, 4/01/10, 4/26/10).  Da Vittorio opposes the award of those fees as unreasonable.  (*See* Resp. 10).

Machado's Motion for Summary Judgment was deficient in several respects and was summarily denied.  It failed to comply with Local Rule 7.5(c), it contained no specific factual statements, and consequently it placed an unfair burden on the Defendant to respond.  (*See* Order [ECF No. 61] 2 n.1).  The Court will not reward Plaintiff with fees associated with preparing that motion; to do so would be to award an unreasonable fee for substandard work.  Therefore, for purposes of calculating the lodestar, 5.1 hours will be reduced from the 47.7 hours Machado's counsel has billed.

On the other side of the coin, Da Vittorio was required to respond to Machado's Motion for Summary Judgment, and its counsel apparently spent fifteen to twenty hours preparing a response. (*See* Def.'s Resp. 11).  Da Vittorio estimates the legal fees it incurred responding to Machado's motion total approximately $5,000.  (*See id.*).  But without more specific figures or supporting documentation, the Court cannot credit those expenditures against an award of attorney's fees.  *Cf. Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) ("[Parties] seeking attorney's fees are charged with . . . proving that they exercised billing judgment.  Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." (footnote call numbers omitted)).  Furthermore, Da Vittorio fails to cite any authority for such a credit or set-off against an award of fees to Machado.

9

Case No. 09-23069-CIV-ALTONAGA/Brown

**C.      Defendant's Financial Condition**

When granting a prevailing plaintiff an award of attorney's fees pursuant to the FLSA, Da
Vittorio asserts the Court should consider the defendant's financial condition. (*See* Resp. 13).  The
cases Da Vittorio relies upon, however, do not support that proposition as none involves an award
of attorney's fees arising from FLSA claims.  (*See id.* and cases cited therein).  Again, awards of
reasonable attorney's fees to the prevailing plaintiff under the FLSA are mandatory, not
discretionary, as in many fee-shifting statutes.  *See* 29 U.S.C. § 216(b).  Because Da Vittorio does
not cite a single case involving an FLSA fee award entered on the basis of monthly installments, the
Court declines Da Vittorio's invitation to fashion such a remedy here.

### III. CONCLUSION

Consistent with the foregoing analysis, the Plaintiff is entitled to recover **$9,992.50** ($16,695
- $1,785[5] - $665[6] - $1,155[7] - $2,887.50[8] - 210[9]) as reasonable attorney's fees.  Such award also takes
into account the nature of the limited results obtained – judgment for Machado in the amount of
$2,450.00 – where judgment was sought for $14,793.08.  It is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Fees **[ECF No. 68]** is
**GRANTED** in part.  Plaintiff, Valter Machado, is entitled to fees in the amount of **$9,992.50**.

---

[5] Adjustment for fees arising from preparation of Machado's Motion for Summary Judgment.

[6] Adjustment for fees arising from purely clerical tasks.

[7] Adjustment for fees arising from entries with multiple tasks, including clerical tasks.

[8] Adjustment for fees arising from entries with multiple tasks, not including clerical tasks.

[9] Adjustment for fees arising from entries with excessive time.

Case No. 09-23069-CIV-ALTONAGA/Brown

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of July, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

11